**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| LOUIS A. MANDARINI, III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>　　　　　　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>M.E. SMITH, INC.,<br>　　　　　　　　　Defendant. | C.A. No. |

---

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant M.E. Smith, Inc. ("Smith") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Defendant Smith is a Massachusetts corporation with a principal place of business at 109 Hastings Road, Spencer, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10.     On or about November 3, 2008, Smith agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of Smith's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11.     Because of the Acceptance of Agreements, Smith is party to the Heavy and Highway Agreement between the Union and the Labor Relations Division of the Construction Industries of Massachusetts, Inc. (the "CBA").  A copy of the relevant pages of the 2017 - 2022 CBA is attached hereto as Exhibit B.

3

12.     The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein.  See Ex. B, pp. 24-29.

13.     The CBA also requires employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Construction Industries of Mass. Advancement Fund for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 29-31, 33, 36-37.  The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14.     All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency.  See Ex. B, pp. 31-33.

15.     Smith submitted payment for September 2017 with a check that failed to clear due to insufficient funds.  Smith has neither replaced that check nor submitted payments and remittance reports for the months of October through December 2017.  It also owes the Funds $1,252.54 in interest on late paid contributions.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

16.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above.

17.     The failure of Smith to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

4

18.     Absent an order from this Court, Smith will continue to ignore its obligations to remit the contributions it owes to the Funds.

19.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

20.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 above.

21.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

22.     The failure of Smith to pay the $1,252.54 that it owes in interest violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.      Order the attachment of the machinery, inventory and accounts receivable of Smith;

b.      Order Smith to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c.      Enter a preliminary and permanent injunction enjoining Smith from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d.      Enter a preliminary and permanent injunction enjoining Smith from refusing or

failing to pay contributions and interest owed to the Funds;

e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions

due, plus any additional amounts determined by the Court to be owed to the Funds or which may

become due during the pendency of this action, together with interest on the unpaid contributions

at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of

unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees,

and costs, all pursuant to 29 U.S.C. §1132(g)(2);

f.      Enter judgment in favor of the Funds on Count II for the as yet unliquidated

amount of contributions owed for September through December 2017, plus $1,252.54 in interest

on late-paid contributions, and any additional amounts determined by the Court to be owed to the

Funds or which may become due during the pendency of this action; and

g.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al*.,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Sasha N. Gillin, Esquire
BBO #690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 742-0208, Ext. 232

Dated:  February 2, 2018

6

## VERIFICATION

I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30 DAY OF

JANUARY, 2018.

Louis A. Mandarini, III

ARS/ars&ts
6306 16-422/complt.doc

7